UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK ANTHONY RIBBING,

    Plaintiff,

v.       Case No. 3:18cv411-MCR-CJK

STATE OF FLORIDA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's civil rights complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Plaintiff describes himself not merely by name, but as "CSI Instructor to Tribal Ambassadors and Emmissary Personnell." *Id.* After reviewing the complaint, the undersigned recommends that the motion to proceed *in forma pauperis* be granted for the limited purpose of dismissing this case.

BACKGROUND

The complaint names 2 defendants: (1) the State of Florida; and (2) "All Persons in the Courtroom" on July 8, July 18, and August 18 of 2016. The complaint sets forth the factual allegations that follow.

"While conducting a counteroperation investigating case of discrimination/hate crimes/deprivation of rights with bodily injury, [plaintiff] was summoned to appear in court several times after completing the forced business

probation and parole conditions on" multiple dates in 2016.  The court appearances were presided over by Judges Duncan, Swanson, "and another who refused to give his name."  Plaintiff alleges, "[a]ll persons accomplices who stood up when the official . . . walk in were in collusion with one another collectively and indirectly in an attempt to commit (classified) op code: 8-23-18-26-4-241918 (6447305)[.]"  "[A]fter terminating all obligations to said investigation [plaintiff] was summoned yet again to appear before some pretend official in a kangaroo court."  Plaintiff asserts "[a]ll parties involved are culturally incompetent to proceed any further with any obligations to said dissolved entity, yet refused in a delusional manner."

Based on the foregoing, plaintiff alleges defendants violated federal criminal law, the First Amendment, the Iroquois Confederacy Constitution, the Louisiana Purchase, the Civil Rights Act of 1964, the Rehabilitation Act, the Individuals with Disabilities Education Act, Title IX, the Ex-PATRIOT Act, and Article III of the Constitution.  The complaint does not clearly articulate the relief requested.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal

Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In applying the standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The mere possibility the defendant acted unlawfully is insufficient to

survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

Here, plaintiff's factual allegations do not state a viable claim. Although plaintiff asserts the defendants' actions violated a veritable buffet of laws and enactments, it is evident he has utterly failed to allege facts showing he is entitled to relief, or that, on these facts, he could cure the deficiency by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). The facts alleged provide no clues as to how such facts would somehow implicate the laws and pronouncements upon which plaintiff relies. The defects are of such a nature that they could not possibly be ameliorated by an amended complaint. The complaint, therefore, should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be GRANTED.

2. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 14th day of March, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.